UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA CLEARY, | ) | CASE NO. 5:12CV1943 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| CITY OF HUDSON, OHIO, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Thomas King ("King") to dismiss for failure to properly serve him. (Doc. No. 19.) According to the motion, plaintiff has now failed for a second time to properly serve King with the summons and complaint. King seeks dismissal under Fed. R. Civ. P. 12(b)(2) and (5). The motion is unopposed, and, for the reasons set forth below, is granted.

A brief review of the procedural history is necessary to place the present motion in proper context. Plaintiff filed this civil rights action in this Court on July 26, 2012, against various defendants, including King and the City of Hudson (the "City"). King, who had previously served as the community development director for the City before his retirement, was sued in both his official and personal capacities. (*See* Doc. No. 11 at 83.) On October 10, 2012, King moved to quash service of summons and to dismiss the complaint for lack of service. In opposition to the motion, plaintiff conceded that King had been improperly served at his former place of work, but requested that the

Court deny the motion to dismiss King and afford plaintiff an opportunity to serve King at his residence. (Doc. No. 8 at 76.) The Court quashed service of the summons, but denied King's motion to dismiss, finding "a substantial likelihood" that further service could be made in accordance with the governing rules of service. (Doc. No. 11 at 84-85 [citing *Stewart Coach Indus., Inc. v. Moore*, 512 F. Supp. 879, 884 (S.D. Ohio 1981) ("The proper course under such circumstances is to quash the improper service and grant plaintiff a period of time within which to effect proper service.")]). The Court further granted plaintiff's motion to appoint a process server to serve King. (*Id*. at 85.)

On December 18, 2012, the Court issued an order to show cause why King should not be dismissed for failure of service. (Doc. No. 14.) In response to the show cause order, plaintiff sought and received a grant of thirty (30) additional days in which to properly effect service upon King. (Doc. Nos. 15, 16, motion to expand time and order, respectively.) When plaintiff purportedly failed a second time to cause King to be served in accordance with federal and Ohio law, King filed the present motion to dismiss.

Plaintiff's most recent attempt at service was purportedly directed at King's residence. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where the service is made[.]" Fed. R. Civ. P. 4(e)(1). Rule 4.1 of the Ohio Rules of Civil Procedure, in turn, provides that service of an individual at their residence shall be accomplished by "leaving a copy of the process and the complaint . . . at the usual place

2

of residence of the person to be served with some person of suitable age and discretion then residing therein." Ohio R. Civ. P. 4.1(C).

According to plaintiff's proof of service (Doc. No. 17), on March 6, 2013, plaintiff's process server left the summons at King's residence. However, the document fails to state that the summons was left with a person of suitable age and discretion who resides there. The docket further reflects that the summons was returned unexecuted. (Doc. No. 18.)[1]

The Court cannot exercise personal jurisdiction over King without proper service. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)). In light of the repeated failed attempts at service upon King, the Court no longer finds a substantial likelihood that service on King can be made. Moreover, the Court finds that it is prejudicial to the other defendants to continue to wait for plaintiff to attempt to properly serve King. Therefore, the Court grants King's motion to dismiss, as it pertains to his individual capacity.

King also seeks dismissal from this action in his official capacity. (Doc. No. 19 at 121.) "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of*

---

[1] The return of service provides that it was unexecuted upon Thomas King, in that service was signed by an individual identified as Mason King but then unclaimed, and further states that defendant King did not live there. (Doc. No. 18.) Additionally, King attached a declaration to his motion to dismiss wherein he declared that he had "not been handed a copy of the summons and complaint[,]" and that "no other person who resides with me at my residence has been handed a copy of the summons and complaint[.]" (Doc. No. 19-1, Declaration of Thomas E. King, at ¶¶ 2-3.) This declaration is uncontested, and is properly considered in support of King's motion to dismiss. *See Metro. Alloys Corp. v. State Metals Indus.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006) (citation omitted) ("Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5).")

*State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). As such, service of a defendant sued in his official capacity must be made under Fed. R. Civ. P. 4(j). *Powers v. Collins*, Civil Action No. 2:09-cv-501, 2010 WL 3526518, at *2 (S.D. Ohio Sept. 8, 2010). Rule 4(j)(2) provides that service upon a state or local government must be made by either: delivering a copy of the summons and complaint to the chief executive officer, or providing service in accordance with the state's law for serving such a party. Fed. R. Civ. P. 4(j). Ohio R. Civ. P. 4.2(N) provides for service upon a municipality or upon its officers by "serving the city solicitor or comparable legal officer[.]" There is nothing in the record to suggest that plaintiff's initial attempt at service complied with federal or state law, and plaintiff has previously conceded as much.[2] Therefore, to the extent that King's former office can be sued separate and apart from the City of Hudson, it is dismissed.

This case will go forward with the remaining defendants. The Court shall issue an order scheduling this matter for a Case Management Conference.

**IT IS SO ORDERED**.

Dated: October 7, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The record reflects that service was originally attempted upon him by certified mail addressed to him at the City of Hudson Department of Community Development, 46 Ravenna Street, Suite D-3, Hudson, Ohio 44236. (Doc. No. 6 at 64.)